UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNA ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0564-CVE-TLW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (Dkt. # 24) of Magistrate Judge T. Lane Wilson recommending that the Court reverse the decision of the Commissioner of the Social Security Administration denying plaintiff Social Security disability benefits and remand for further consideration of the Administrative Law Judge's (ALJ) credibility assessment of plaintiff. Defendant has filed an objection (Dkt. # 25) to the report and recommendation and seeks affirmance of the Commissioner's decision, arguing that the ALJ committed no error in determining that plaintiff's testimony was only partially credible. Plaintiff responds (Dkt. # 26) that the magistrate judge's report and recommendation should be accepted because the ALJ failed to follow the correct legal standard for a credibility assessment.

## I.

On February 11, 2011, plaintiff applied for Title XVI disability benefits and on February 23, 2011, applied for Title II disabled widow's benefits, alleging that she had been disabled as of December 31, 2009. Dkt. # 17, at 25. Both of plaintiff's applications stated that she suffered from various physical impairments that left her unable to work, including chronic pain in her neck, back,

and wrists.  Id. at 30.  Plaintiff's claims were denied initially on April 6, 2011, and on reconsideration on June 23, 2011.  Id. at 25.  Plaintiff requested a hearing before an ALJ and that hearing was held on April 25, 2013.  Id.

Plaintiff appeared at a video hearing and was represented by an attorney.  Id. at 58.  Plaintiff was 51 years old at the time of the hearing and lived in a mobile home with friends, who allowed her to stay rent free.  Id. at 60.  Plaintiff left school before completing the 11th grade and did not receive a GED.  Id.  She testified to a variety of physical complaints, including extreme pain in her hands, wrists, and lower back.  Id. at 63.  For these ailments, plaintiff took a number of prescription medications.  Id.  Plaintiff testified that her ailments caused her severe pain, explaining that she experienced such pain every day.  Id.  She testified that she could stand for only 15 minute periods and could sit for only 10 minute periods before she needed to change positions.  Id. at 65.  She further stated that she was able to walk only a distance of a half block before needing rest, she had difficulty bending, squatting, kneeling, reaching, and had trouble sleeping and with her breathing. Id. at 66, 70-71.

On June 3, 2013, the ALJ issued a written decision finding that plaintiff was not disabled.[1] Id. at 34.  The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date and that she had severe impairments affecting her ability to work, including chronic neck and back pain, lumbago, carpal tunnel syndrome, mitral stenosis, neuropathy, chronic obstructive pulmonary disorder, asthma, and dyspnea upon exertion.  Id. at 28.  The ALJ further found that her impairments were not equivalent to one of those listed in 20 C.F.R., Part 404, Subpart

---

[1]     The June 3, 2013, decision is an amended decision.  The ALJ previously issued a decision on May 15, 2013, that erroneously addressed a Title II application for disability benefits and failed to consider plaintiff's application for disabled widow's benefits.  Dkt. # 17, at 25.

P, Appendix 1 and that she could not perform her past relevant work.  Id. at 28, 32.  The ALJ formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony.  Id. at 29-33.  He found that plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but found certain restrictions, including: a sit/stand option; frequent but not constant use of her hands bilaterally; and no concentrated exposure to odors, dusts, chemicals, or poor ventilation.  Id. at 29.  In formulating plaintiff's RFC, the ALJ acknowledged that he was required to consider all of plaintiff's alleged symptoms and determine the extent to which those symptoms were consistent with the objective medical evidence.  Id. at 29-30.  He also acknowledged that he understood the factors that he must consider in addition to the objective medical evidence in making a credibility determination.  Id.  The ALJ then summarized plaintiff's allegations regarding the limitations she experienced based upon her pain and other symptoms, citing the portion of the administrative record that includes plaintiff's hand-written responses to form questions about her conditions and how they limited her ability to work or to perform daily activities.  Id. at 30.

After summarizing this evidence, the ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision."  Id.  The ALJ then briefly summarized the objective medical evidence before concluding that the RFC he formulated adequately accounted for the plaintiff's symptoms to the extent that they were credible.  Id. at 30-32.  The ALJ then found that, although plaintiff was unable to perform any past relevant work, she could perform other occupations present in the economy.  Id. at 32-34.  He concluded by stating that plaintiff was

"capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. at 34.

On July 29, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Dkt. # 17, at 5. Plaintiff thereafter sought judicial review, arguing that the ALJ erred in his credibility determination by finding plaintiff credible only to the extent it supported his predetermined RFC but failing to disclose his underlying reasons. Dkt. # 18, at 8. The Court referred the case to the magistrate judge, who entered a report and recommendation recommending that the Court reverse the ALJ's decision and remand for further consideration of the ALJ's credibility assessment. Dkt. # 24, at 16. Defendant has objected to the report and recommendation, asserting that the magistrate judge applied the wrong legal standard in determining that remand was appropriate. Dkt. # 25, at 2-3. Plaintiff responds that the magistrate judge applied the correct legal standard for credibility assessments and remand is appropriate. Dkt. # 26, at 6.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

4

## III.

The Social Security Administration has established a five-step process to review claims for

disability benefits.  See 20 C.F.R. § 404.1520.  The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged
> in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir.
> 2004)].  If not, the agency proceeds to consider, at step two, whether a claimant has
> "a medically severe impairment or impairments." *Id.*  An impairment is severe under
> the applicable regulations if it significantly limits a claimant's physical or mental
> ability to perform basic work activities. *See* 20 C.F.R. § 404.1521.  At step three, the
> ALJ considers whether a claimant's medically severe impairments are equivalent to
> a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357
> F.3d at 1142.  If a claimant's impairments are not equivalent to a listed impairment,
> the ALJ must consider, at step four, whether a claimant's impairments prevent her
> from performing her past relevant work. *See id.*  Even if a claimant is so impaired,
> the agency considers, at step five, whether she possesses the sufficient residual
> functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but,

instead, reviews the record to determine if the ALJ applied the correct legal standard and if his

decision is supported by substantial evidence.  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir.

2008).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  "A

decision is not based on substantial evidence if it is overwhelmed by other evidence in the record

or if there is a mere scintilla of evidence supporting it."  Hamlin v. Barnhart, 365 F.3d 1208, 1214

(10th Cir. 2004).  The court must meticulously examine the record as a whole and consider any

evidence that detracts from the Commissioner's decision.  Washington v. Shalala, 37 F.3d 1437,

1439 (10th Cir. 1994).

5

The ALJ decided the case at step five of the analysis, formulating plaintiff's RFC and concluding that plaintiff could perform other work existing in the national economy. Dkt. # 17, at 50. Having so decided, the ALJ found plaintiff not disabled and denied her claims for benefits. Id. at 51. The magistrate judge recommended that the ALJ's decision be reversed and remanded. Dkt. # 24, at 1. The magistrate judge determined that the ALJ's analysis at step five was in error because, in formulating plaintiff's RFC, the ALJ did not sufficiently link his credibility conclusion to the evidence. Id. at 13-14. The magistrate judge concluded that the ALJ failed to give specific reasons for finding plaintiff only partially credible, provided no explanation of how he applied the criteria for comparing subjective complaints to objective medical evidence, and did not closely and affirmatively link his credibility conclusion to the objective medical evidence. Id. In her objection, defendant contends that the ALJ did not err in assessing plaintiff's credibility because he considered the symptoms plaintiff testified to in comparison to the objective medical evidence, even if he did not discuss them in a formulaic manner. Dkt. # 25, at 2-3. Plaintiff responds that the magistrate judge applied the correct legal standard and that the ALJ should be reversed and the matter remanded for a proper credibility determination. Dkt. # 26, at 6.

"Credibility determinations are peculiarly the province of the finder of fact," and such determinations are not to be upset "when supported by substantial evidence." Diaz v. Sec'y of Health and Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Nonetheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence." Hutson v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). Factors an ALJ may weigh in determining a claimant's credibility include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequence of medical contacts, the

nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hutson, 838 F.2d at 1132.  An ALJ must look beyond objective medical evidence in evaluating claims of disabling pain.  Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).  An ALJ must give specific reasons for his findings and such findings must be closely linked to substantial evidence. Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995).  However, an ALJ does not need to provide a "formalistic factory-by-factor review of the evidence"; an ALJ needs only to "set[] forth the specific evidence he relies on in evaluating the claimant's credibility."  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Common sense should guide the review of an ALJ's credibility determination and technical perfection is not required.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166-67 (10th Cir. 2012).

Here, the ALJ found plaintiff only partially credible, determining that she was not credible as it related to her claim that her pain was so severe as to be disabling.  But the ALJ failed to give specific reasons to support this finding.  The ALJ failed to contrast statements made by plaintiff with objective medical evidence, which would affirmatively link the credibility conclusion to the objective evidence.  Instead, the ALJ only briefly summarized plaintiff's allegations of pain, recited a short summary of the objective medical evidence and made a brief statement indicating that he gave the plaintiff the benefit of the doubt regarding most of her symptoms, but found her statements regarding the intensity, persistence, and limiting effects of her symptoms to be only partially credible. Dkt. # 17, at 30.  The ALJ failed to indicate how the medical evidence was inconsistent with plaintiff's claims that her pain was so severe that it rendered her disabled.  This cursory treatment of plaintiff's subjective statements and the objective medical evidence is insufficient to

7

support a credibility determination.  See Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004) (finding ALJ's credibility determination was in error when ALJ failed to link credibility factors to evidence and concluding "it is not enough for the ALJ simply to list the relevant factors;  he must also 'explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.'" (quoting Kepler, 68 F.3d at 391)).  And the Court will not make credibility findings on behalf of the ALJ.  See Briggs ex rel Briggs v. Massanari, 248 F.3d 1235, 1235 (10th Cir. 2001) (citing Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988)). Assessing plaintiff's credibility requires the ALJ to demonstrate a close nexus between the credibility conclusion and the evidence.  Although the Court does not require a "formalistic factor-by-factor review of the evidence," credibility findings should be "closely and affirmatively linked to substantial evidence."  The ALJ failed to satisfy this standard when he failed to provide specific reasons for his credibility conclusion and failed to explain how the objective evidence related to the factors he considered in assessing plaintiff's credibility.

In summary, the Court finds that the ALJ erred in his credibility assessment of plaintiff in relation to the ALJ's formulation of  plaintiff's RFC and, for that reason, the ALJ's finding at step five is in error.  On remand, the ALJ should assess plaintiff's credibility by providing specific reasons for his conclusion, including stating why specific evidence relevant to each factor led to a particular credibility conclusion.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 19) is **accepted**, and the Commissioner's decision is **reversed and remanded** for further proceedings. A separate judgment is entered herewith.

**DATED** this 2nd day of November, 2015.

_Claire V. Eagle_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE